UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| *In Re* STEWART TITLE COMPANY | } } } } } } } } } | MISCELLANEOUS ACTION NO. H-09-247 |

## **OPINION & ORDER**

Pending before the Court are Defendant Alltech, Inc.'s ("Alltech") Emergency Motion to Compel Full and Complete Compliance with Discovery Subpoena (Doc. 2) and non-party Stewart Title Company's ("Stewart Title") Motion to Quash or Modify Discovery Supboena (Doc. 3). For the reasons explained below, the Court DENIES the Motion to Compel and GRANTS the Motion to Quash.

### I.   **Background & Relevant Facts.**

Alltech seeks a motion to compel compliance with a subpoena under Federal Rules of Civil Procedure 37(a) and 45(e) from Stewart Title. Stewart Title opposes the motion, and asks the Court to quash the subpoena under Fed. R. Civ. P. 45(c)(3)(B)(i) because it requires disclosing trade secrets or other confidential information. A hearing was held on the matter on Thursday, June 11, 2009.

This case arose after the souring of a business relationship between Alltech and Myriad Development, Inc. ("Myriad"). Alltech conducted property inspections on behalf of the Federal Emergency Management Agency ("FEMA") relating to natural disasters. In June 2005, Myriad licensed to Alltech the use of its proprietary software, Myriad Risk Manager, which was used to carry out the property inspections. The same software was used by Myriad in its

"Government" line of business.  In  March 2008, the two parties accused each other of breach of contract.  Myriad also alleged Alltech misappropriated its trade secrets by incorporating its proprietary software into other programs. A lawsuit was filed in the Western District of Texas.

In preparation for the lawsuit, Myriad retained Mark Gallagher ("Gallagher") as a damages expert.  Gallagher prepared a report which estimated one form of damages as "loss of enterprise value."  Gallagher defined loss of enterprise value as the loss in value of the enterprise calculated by looking at the company's value before and after trade secrets were allegedly misappropriated.   In calculating loss of enterprise value, Gallagher relied, in part, on Stewart Title's Letter of Intent to purchase another of Myriad's lines of business, "Real Estate Services." According to Alltech,  Stewart Title's offer to purchase was an essential element in the damage calculation because it provided the missing link to calculating the value of the disputed "Government" line of business.

Alltech seeks to refute Gallagher's characterization of the Stewart Title offer as being worth an estimated $1.5 million.  This was in part because Stewart Title's Letter of Intent only made a fixed offer of $750,000, and Gallagher estimated that Stewart Title's offer would have been worth twice as much because of "earnout money."  Alltech's subpoena seeks from Stewart Title its internal evaluations used to assess the value of Myriad's 'Real Estate Services." Stewart Title objected because its methodology and results in evaluating Myriad, with which it currently does business, is highly sensitive confidential information.  Both parties now seek a court order either compelling compliance with discovery or quashing the same.

## II.    Standard of Review

### A.    Subpoena Power Under Rule 45

Federal Rule of Civil Procedure ("Rule") 45 limits the subpoena power of the

Court. Subsection (a)(2)(C) of Rule 45 provides that a subpoena "for production, inspection, copying, testing, or sampling," must issue "from the court, for the district where the production or inspection is to be made." Furthermore, under Rule 45(c)(3), upon timely motion, the court shall quash or modify a subpoena if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). When a district court orders the production of material under subdivision (i), the Rule requires that the court determine whether the party who seeks the material has (1) "a substantial need for the testimony or material that cannot be otherwise met without undue hardship" and (2) "ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(c)(3)(C).

### III.    Analysis.

It is undisputed that the discovery sought by Alltech from Stewart Title is highly sensitive and confidential information, and the Court has discretion to grant a motion to quash under Rule 45(c)(3)(B)(i). If Alltech demonstrates such substantial need for the information that cannot otherwise be met without undue hardship under Rule 45(c)(3)(C)(i), the motion to quash could be denied. Alltech has not demonstrated substantial need, however. It may challenge Myriad's expert report on damages without the discovery sought. Stewart Title has already produced the documents Myriad provided Stewart Title to enable Steward Title to make its internal evaluations at the time of its Letter of Intent. Thus, Alltech may challenge Gallagher's report by employing its own expert to calculate the value of Myriad's Real Estate Services line of business. The only issue relevant to the discovery sought is the value of Myriad for a damage calculation. What Stewart Title thought the value of Myriad was is one step removed. Alltech will be able to refute the expert's report using other means.

Moreover, the Court is concerned that Stewart Title is a non-party who would be entrusting the confidentiality of its documents to parties who do not represent its interests. Such concern, although perhaps not dispositive on its own, lend weight to the arguments for quashing discovery.  *See, In re Vitamins Antitrust Litig.*, 267 F. Supp. 2d 738, 741-742 (S.D. Ohio 2003) (where direct competitor sought confidential information from non-party, this weighed against discovery).

In conclusion, the Court quashes the discovery motion by Alltech.  Stewart Title need only produce what is has already produced, *viz*, communications between it and Myriad relating to the Letter of Intent.  The inequity of imposing disclosure of Stewart Title's internal valuations is deemed far greater than Alltech's actual need for them.  Thus, they need not be produced at all.  Accordingly, it is hereby

ORDERED that Myriad's Motion to Compel (Doc. 2) is DENIED.   It is further

ORDERED that Stewart Title's Motion to Quash (Doc. 3) is GRANTED.

SIGNED at Houston, Texas, this 17th day of June, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE